**Delores Bridgeforth DONIGAN, Plaintiff-Appellee,**

v.

**Dennis Bell DONIGAN, Jr., Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Aug. 25, 1983.

Rehearing Denied Sept. 14, 1983.

Application for Permission to Appeal Denied by Supreme Court Nov. 28, 1983.

Mose J. Davie, Nashville, for defendant-appellant.

Jack Norman, Jr., Nashville, for plaintiff-appellee.

NEARN, Presiding Judge, Western Section.

We must dismiss this appeal.

Delores Bridgeforth Donigan, plaintiff, sued Dennis Bell Donigan, Jr., for divorce. Mr. Donigan answered this complaint and filed his own counter complaint for divorce. The Trial Judge granted Mrs. Donigan a divorce and dismissed Mr. Donigan's counter complaint. This decree was filed January 26, 1983. On February 1, 1983, counsel for Mr. Donigan filed a motion for "the Court to reconsider and modify its decree heretofore entered on the ___ day of January, 1983, or in the alternative to set aside the said decree and grant him a new trial."

These are motions under T.R.Civ.P. 59.03, and T.R.Civ.P. 59.01. On February 14, 1983, counsel for Donigan filed his notice of appeal which was prior to the entry of the order overruling the Rule 59 motions. The motions were overruled on February 18, 1983.

Tennessee Rules of Appellate Procedure 4(d) states

(d) PREMATURE FILING OF NOTICE OF APPEAL. EXCEPT AS OTHERWISE PROVIDED IN SUBDIVISION (b) OF THIS RULE, a notice of appeal filed before the entry of the judgment shall be treated as filed after such entry and on the day thereof. (emphasis ours)

Mr. Donigan's notice of appeal was filed before the entry of the order on the motions to amend or motion for a new trial. T.R. A.P. 4(b) as applicable to this situation provides:

In a civil action if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: ... (3) under rule 59.03 to alter or amend the judgment; or (4) under rule 59.01 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the filing or disposition of any of the above motions *shall have no effect....* A new notice of appeal *must* be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. (emphasis ours)

Therefore, the notice of appeal was premature and has no effect.

Rule 4(a), T.R.A.P., provides the notice of appeal shall be filed and received by the Clerk of the Trial Court within thirty (30) days after the date of entry of the judgment appealed from. The judgment necessarily appealed from is the judgment overruling the motions to amend or for a new trial. No notice of appeal has been filed within thirty (30) days *after* the date of entry that judgment and the premature filing saving provisions of Rule 4(b) have no application. Under Rule 2, T.R.A.P. we are

unable to waive the time requirements for filing a notice of appeal.

Accordingly, this appeal is dismissed at appellant's cost.

TOMLIN and CRAWFORD, JJ., concur.